IULIO, Plaintiff

v.

**TALAMAIVAO LEI, Defendant**

No. 6-1910

High Court of American Samoa

Civil Jurisdiction, Trial Division

["Matai" title: "Talamaivao"]

April 23, 1910

B. R. PATRICK, Chaplain, U.S.N., *Senior Member;* J. L.
DWYER, *Associate Member;* and MAUGA, *Associate
Member*

DECISION

In the year 1906 a trial was held by the High Court of
Tutuila (No. 12-1903) wherein the people of the town of
Amanave in the Western District disputed the claim of title
to the lands of their village by one Talamaivao. This action
was commenced originally by one Iulio, a religious teacher,
but the trial was conducted by him in the name of Tala-
maivao, a chief's title of Upolu. Talamaivao Lei, defend-
ant, attended this trial at Leone. The decree of the Court
awarded the title to "Talamaivao".

Subsequently an agreement was entered into between
Iulio—styling himself as Talamaivao Iulio—and the people
of Amanave, whereby they agreed to pay rent for the land
of Amanave at the rate of $120.00 per annum and perform
divers services of Samoan hospitality. At the time that the
negotiations resulting in the above agreement were pend-
ing before Ex-Governor C. B. T. Moore, the defendant,
Talamaivao Lei, was present and, according to the testi-
mony of the interpreter, upon that occasion Talamaivao
Lei represented Iulio to be his agent and Iulio acquiesced in
this representation.

The people of Amanave paid their rent, as agreed, for the years of 1907 and 1908, but in 1910 the defendant, Talamaivao Lei, made a "malaga" to Amanave, as a result of which a new agreement was made by Talamaivao Lei and the people of Amanave releasing the people of Amanave from the obligation of paying rent.

Iulio immediately filed a complaint against Talamaivao Lei, claiming that Talamaivao Lei had no right to make such an agreement regarding this land, praying that the agreement of 1910 be set aside, and the agreement of 1906 enforced; that Iulio be awarded ownership of the land as Talamaivao Iulio, asking damages in the sum of $500.00, etc.

There is no doubt in the minds of the Court as to who is the present holder of the name "Talamaivao". Talamaivao Lei, defendant, is a prominent chief of Upolu, and his title to the name has never been contested by Iulio in any court proceedings heretofore. The testimony shows that Talamaivao Lei and Iulio are half-brothers, Talamaivao Lei being the older. Their father, Talamaivao Saisaofai, was in his lifetime the holder of the name "Talamaivao". Iulio testified that he (Iulio) was the favorite son of Saisaofai and that Lei had been driven from home for misconduct; that Saisaofai had declared that Iulio should be the successor to the name "Talamaivao"; but that Iulio did not desire to become a chief and preferred to follow his vocation as a religious teacher and, according to Iulio's testimony, after the death of Saisaofai, Lei was induced to retire from the name of Mauga, which he had been holding in Pago Pago, and to return to Upolu to hold the name "Talamaivao".

Even if the Court were convinced of the accuracy of the above statements, the Court cannot believe Iulio's testimony that Lei accepted this name as a gift from Iulio, and especially Iulio's testimony that such conditions were at-

218

tached to this gift as would allow Lei to exercise the authority of the name "Talamaivao" only in such manner and to such an extent as might be prescribed by Iulio—in other words, that Lei was only a figurehead, subject to deposition at the pleasure of Iulio. The evidence adduced, especially when considered in connection with Iulio's admissions, fails to bear out this contention.

At the trial in 1906 at Leone, Iulio's testimony presented the case of Talamaivao and, from a careful examination of the minutes of that trial, introduced in evidence by Iulio, Iulio's alleged superior right was not asserted at that time, but the name "Talamaivao" as the authority. Iulio prevailed in that case primarily upon the authority of this name, as is evidenced by the decree of the Court in that case.

The Court is constrained to hold that to sustain Iulio's contention in this case would be an unwarranted modification of the decree of the Court in the case last mentioned.

A letter from Samoan Advocate E. W. Gurr was introduced by Iulio as evidence that the Supreme Court of Samoa during the year 1896 adjudged Iulio to be the owner of the lands at Amanave. It appears from the evidence that one Hunkin, a foreigner, applied to the Land Commission for a court grant for the lands of Amanave. Iulio successfully resisted this claim and, as in the case at bar, declared that he had been asserting his individual right. On the part of the defendant, however, evidence was produced to show that, during the state of unrest existing in Upolu at that time, Talamaivao Lei and his family deemed it advisable to delegate this matter to Iulio as Talamaivao Lei was persona non grata to the existing Government. The subsequent conduct of Iulio and Talamaivao, especially at the trial in 1906, tends to confirm the opinion of the Court that at the hearing in 1896 Iulio was acting in a representative capacity. The hearing was held before the Land

Commission and this Court is convinced that it merely rejected or recommended the rejection of the petition of the foreign claimant for a court grant.

The evidence discloses the fact that Iulio's claim is based upon a complex relation of principal and agent, which may be briefly stated as follows:—

That, after the death of Talamaivao Saisaofai, Iulio succeeded to absolute control of the name; that Talamaivao Lei was appointed by Iulio to hold the name "Talamaivao" but, by a reservation more or less of a secret nature, he was merely a puppet; that, in reality, Iulio was to be the undisclosed principal and Talamaivao Lei the agent. Next the relation of principal and agent is reversed and, in 1906, Talamaivao Lei becomes the principal and Iulio the agent—Iulio however reserving an unrevealed interest in the property in Amanave.

To discover the true owner of this land, this Court bases its reasoning primarily upon the decision of the Court in 1906, viz., that "Talamaivao" is the owner. The Court finds that in 1906 the relation of principal and agent did exist, Talamaivao Lei as principal and Iulio as agent. Any contention that Iulio's agency is irrevocable because coupled with an interest cannot be sustained:—First, because the interest claimed is vague and uncertain, amounting, according to Iulio's testimony, to an absolute, complete control and authority,—according to defendant's testimony, to nil; Second, because Iulio has persistently concealed this alleged interest. This Court has no doubt that this concealment redounded to his own interest in the 1906 trial. In fact, Iulio has held out to the public and to the Court that Talamaivao Lei was the owner and Iulio the agent. Public policy demands that rights and interests should be distinct and certain and does not encourage the ownership of property by a confused and irregular system, whereby either of the parties to the relation of principal and agent may reap

the benefits and avoid the responsibilities of ownership; Third, the Court cannot give sufficient credence to Iulio's statement regarding the conditions under which Talamaivao Lei succeeded to the name and authority of "Talamaivao" to warrant it in concluding that Iulio had such an interest, passing to him from his father Saisaofai, as would preclude a revocation of his authority by Talamaivao Lei.

The Court finds that the agency of Iulio was revoked by the action of his principal, Talamaivao Lei, in entering into a new agreement with the people of Amanave in April 1910. This agreement is practically the same as the one presented by Talamaivao Lei and Iulio at the trial in 1906, which the people of Amanave refused at that time to sign, and which refusal was the cause of that case proceeding to a decree.

The Court finds that the addition of the name "Talamaivao" to the name Iulio in the agreement of 1906 was merely descriptive and defined the agency of Iulio. At the time this agreement was made Iulio did not abandon his vocation as a teacher, a necessary step towards taking a chief's name according to Iulio's testimony, nor was there a family meeting and confirmation of his title as "Talamaivao" at this time or at any other time, and the conclusion arrived at by the Court disposes of Iulio's claim to the title of "Talamaivao" in Tutuila.

The findings of this Court, however, are not to be construed to the prejudice of either side regarding the succession to the name "Talamaivao" after the death of the present holder of the name, Talamaivao Lei, defendant.

The complaint of complainant is dismissed.

Costs are assessed at $100.00—$50.00 to be paid by Iulio, and $50.00 to be paid by Talamaivao Lei.